UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
J & J SPORTS PRODUCTIONS, INC.,

       Plaintiff,                                  07 CV 2875 (SJ)

   v.                                             <u>MEMORANDUM</u>
                                                                   <u>AND ORDER</u>

MERCY ARHIN, Individually and d/b/a
MERCY ENTERPRISES a/k/a MEYTEX
LOUNGE, and MERCY ENTERPRISES
a/k/a MEYTEX LOUNGE,

       Defendants.
-------------------------------------------------------X
A P P E A R A N C E S

LONSTEIN LAW OFFICE, P.C.
1 Terrace Hill, Box 351
Ellenville, NY 12428
By:    Julie Cohen Lonstein
Attorney for Plaintiff

JOHNSON, Senior District Judge:

      Presently before the Court is a Report and Recommendation issued by

Magistrate Judge Marilyn D. Go on March 30, 2009 ("Report") regarding J & J

Sports Productions, Inc.'s ("Plaintiff") motion for default judgment ("Motion").

      Plaintiff brought this action alleging that the defendants Mercy Arhin and

Mercy Enterprises a/k/a Meytex Lounge (collectively, "Defendants") violated 47

U.S.C. §§ 553 and 605 by receiving and displaying a boxing match without

authorization. Following Defendants' failure to appear or defend this action, the

1

Clerk of Court entered the default and the Court referred the Motion to Magistrate Judge Go for a report and recommendation on damages.

A district court judge may designate a magistrate judge to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation as to the disposition of the motion. See 28 U.S.C. § 636(b)(1). Within 10 days of service of the recommendation, any party may file written objections to the magistrate's report. See id. The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections may waive the right to appeal the magistrate's decision. See 28 U.S.C. § 636(b)(1); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989). In the case at bar, no objections to the Report were filed on or before April 16, 2009, the deadline set by the Report. (See Report, 14.)

Plaintiff in the instant case elected to recover statutory damages pursuant to section 605. See 47 U.S.C. § 605 (e)(3)(C)(i) (plaintiff can elect actual damages or statutory damages); Int'l Cablevision, Inc. v. Sykes, 75 F.3d 123, 127 (2d Cir. 1996) (noting that where a defendant is liable under both sections 553 and 605, a plaintiff is entitled to the greater damages available under section 605); Entm't by J & J, Inc. v. Mama Zee Rest. & Catering Servs., Inc., No. 01-cv-3945, 2002 WL

2022522, at *3 (E.D.N.Y. May 21, 2002) (Gold, M.J.). A court can award statutory damages between $1,000.00 and $10,000.00 for each violation of section 605(a) and may, in its discretion, award enhanced damages of up to $100,000.00 for each willful violation committed for commercial advantage. See 47 U.S.C. § 605 (e)(3)(C)(i)(II); id. at § 605(e)(3)(C)(ii). In the instant case, Plaintiff requested $10,000.00 in statutory damages and $100,000.00 in enhanced damages for each violation. (Pl. Mem. of 12/19/07, 7.)

The Report recommends calculating the statutory damages by multiplying the number of customers present in Meytex Lounge when the boxing match was unlawfully displayed (twenty), by the typical purchase price for a pay-per-view broadcast of this nature ($54.95), resulting in a total award of $1,100.00. (See Report, 11-12.) This method of calculation is reasonable and the Court therefore adopts it. See, e.g., Kingvision Pay-Per-View Ltd. v. Cazares, No. 05-cv-2934, 2006 WL 2086031, at *3-*4 (E.D.N.Y. July 25, 2006) (Trager, J.) (adopting recommendation of statutory damages based on $54.95 rate for each customer present); Garden City Boxing Club, Inc. v. Rosado, No. 05-cv-137, 2005 WL 3018704, at *3-*4 (E.D.N.Y. Oct. 6, 2005) (Azrack, M.J.) (same). Plaintiff is awarded $1,100.00 in statutory damages.

The Report further recommends that Plaintiff be awarded $3,000.00 in enhanced damages, given the willful nature of the violation and the commercial nature of the unauthorized broadcast. (See Report, at 12-13.) As found by

3

Magistrate Judge Go, Plaintiff has shown "that Meytex Lounge is a commercial establishment that publicly displayed the DeLaHoya/Mayweather boxing match to customers without authorization." (Report, 13.) The Court therefore finds that the criteria in section 605(e)(3)(C)(ii) are satisfied and awards Plaintiff $3,000.00 in enhanced damages.

Finally, the Report also recommends that Plaintiff be awarded $550.00 in costs. (See Report, 13-14.) The Court finds that this amount is reasonable and supported by the record. See 47 U.S.C. § 605(e)(3)(B)(iii) (providing that reasonable costs must be awarded to the prevailing party). Plaintiff is awarded $550.00 in costs.

Upon review of the recommendations and for the foregoing reasons, the Court adopts the Report in its entirety. The Motion for default judgment is GRANTED and the Plaintiff is awarded $1,100.00 in damages, $3,000.00 in enhanced damages, and $550.00 in costs, for a total judgment of $4,650.00. The Clerk of Court is directed to enter judgment accordingly and to close this case.

SO ORDERED.

Dated: April _17_, 2009  _____/s/_____
       Brooklyn, NY      Senior United States District Judge